**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

APR 21 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

RICHARD J. GLAIR,

Plaintiff - Appellant,

v.

CITY OF SANTA MONICA; et al.,

Defendants - Appellees.

No. 13-56658

D.C. No. 2:11-cv-00093-R-RNB

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Manuel L. Real, District Judge, Presiding

Submitted April 13, 2016[**]

Before:     FARRIS, TALLMAN, and BYBEE, Circuit Judges.

Richard J. Glair appeals pro se from the district court's summary judgment

in his 42 U.S.C. § 1983 action alleging constitutional claims arising out of a pat-

down search.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo.

*Albino v. Baca*, 747 F.3d 1162, 1168 (9th Cir. 2014) (en banc).  We may affirm on

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

any basis supported by the record. *Enlow v. Salem-Keizer Yellow Cab Co., Inc.*, 389 F.3d 802, 811 (9th Cir. 2004). We affirm in part, reverse in part, and remand.

Summary judgment was proper on the basis of qualified immunity on Glair's failure-to-intervene claim against Boyd because it would not have been clear to every reasonable official that failing to stop a pat-down search would violate a constitutional right where the officer believed that a threat to officer safety existed based on a backup request. *See Ashcroft v. al-Kidd*, 131 S. Ct. 2074, 2080, 2083 (2011) (discussing qualified immunity and noting that a right is clearly established only if "every reasonable official would have understood that what he is doing violates that right" (citation and internal quotation marks omitted)); *Terry v. Ohio*, 392 U.S. 1, 30 (1968) (officer may search suspect where he has a "reasonable fear" for his or other's safety); *see also United States v. Koon*, 34 F.3d 1416, 1447 n.25 (9th Cir. 1994) (failure-to-intervene claim is "analytically the same" as the underlying alleged constitutional violation).

The district court properly granted summary judgment on Glair's Eighth Amendment claim against the City of Santa Monica because Glair was not convicted and sentenced for any violation. *See Graham v. Connor*, 490 U.S. 386, 392 & n.6 (1989) (Eighth Amendment's prohibition of cruel and unusual punishments applies only after conviction and sentence).

The district court properly granted summary judgment on Glair's Fourteenth Amendment substantive due process claim because any such claim should be analyzed under the Fourth Amendment. *See id.* at 395 ("[A]ll claims that law enforcement officers have used excessive force -- deadly or not -- in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen should be analyzed under the Fourth Amendment and its 'reasonableness' standard, rather than under a 'substantive due process' approach.").

However, summary judgment as to Glair's First and Fourth Amendment claims against Wilkening was improper because, viewing the evidence in the light most favorable to Glair, Glair raised a genuine dispute of material fact as to whether Wilkening had a reasonable suspicion that Glair presented a threat to officer safety or the safety of the public. *See Terry*, 392 U.S. at 30. Specifically, while the district court concluded that it was undisputed that Glair placed his hands in his pockets during the stop, Glair stated in his declaration that he never placed his hands in his pockets and that he was not aggressive toward Wilkening. Accordingly, we reverse and remand for further proceedings on these claims only.

We do not consider Glair's arguments regarding his failure-to-train claim because Glair abandoned that claim below.

We reject as without merit Glair's contention that the district court erred in

13-56658

ordering the parties to file cross-motions for summary judgment.

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Each party shall bear its own costs on appeal.

**AFFIRMED in part, REVERSED in part, and REMANDED.**

13-56658